1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES LLC,

Plaintiff,

vs.

DAVID KATZ and ELIZABETH KATZ,

Defendant.

CASE NO. 11CV1669 JLS (BLM)

**ORDER GRANTING MOTION TO REMAND**

(ECF No. 2.)

Plaintiff Aurora Loan Services LLC filed an unlawful detainer action against Defendants David Katz and Elizabeth Katz in the Superior Court of California for the County of San Diego on March 25, 2011.  (ECF No. 1 at 7–10.)  Soon thereafter, Defendants filed a notice of removal in federal court.  (*Id.* at 1.)  Presently before the Court is Plaintiff's motion to remand.  (Doc. No. 2.)  Also before the Court is Defendants' opposition to the motion.  (Doc. No. 5.)  After consideration, the Court **GRANTS** Plaintiff's motion to remand.

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court.  28 U.S.C. §1441(a).  However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

11CV1669

1    The Court's subject matter jurisdiction encompasses federal question jurisdiction and

2    diversity jurisdiction.  The Court discusses each in turn.

3    To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's

4    complaint.  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 US 826, 830 (2002).  The

5    Court does not consider the defendant's answer, defenses, or counterclaims.  *Id.* at 831.  In this

6    case, Plaintiff's underlying claim is an unlawful detainer action filed under California law.  (ECF

7    No. 1 at 1.)  Consequently, there is no federal question basis for removal.

8    There is also no basis for diversity jurisdiction.  Diversity jurisdiction requires that the

9    plaintiffs and defendants be of different citizenship and that the amount in controversy exceed

10   $75,000.  28 U.S.C. § 1332.  Plaintiff's complaint indicates that the amount demanded does not

11   exceed $10,000.  (ECF No. 1 at 1.)  Defendant's argue that the amount in controversy is exceeds

12   $75,000 because "Defendant[s] [have] put into said property well over $500,000."  (ECF No. 5 at

13   3.)  This unfortunately is not the standard for determining the amount in controversy.  Because at

14   least one of the two requirements for diversity jurisdiction is not met, there is no diversity

15   jurisdiction basis for removal.

16   Defendants fail to establish that this Court has subject matter jurisdiction over the matter.

17   Thus, this matter is **REMANDED** to the Superior Court of California for the County of San

18   Diego.  The Clerk **SHALL** close the file.

19   **IT IS SO ORDERED**.

20

21   DATED:  August 26, 2011

22   _Janis L. Sammartino_
     Honorable Janis L. Sammartino
23   United States District Judge

24

25

26

27

28

11CV1669